HELENE N. WHITE,
Circuit Judge, concurring.
I write separately because I am not convinced that the 404(b) evidence was properly admitted to show intent to distribute the heroin and crack cocaine. However, I conclude that any error in the admission of the prior-acts evidence was harmless.
There is considerable difference between distributing marijuana on the one hand, and heroin and crack cocaine on the other. *312 The prior-acts evidence was reflective of intent to do the former, but not the latter. In United States v. Jenkins, the defendant was charged with possession of marijuana, cocaine, and crack cocaine with intent to distribute. 593 F.3d 480 (6th Cir. 2010). This crime allegedly occurred at a house located at 1217 Fair Street. The district court admitted 404(b) intent evidence that eight years earlier the defendant was convicted of possessing marijuana with intent to distribute, stemming from an arrest at 1217 Fair Street, Id. at 484-85. We concluded that this evidence, where the common threads were marijuana and location, was at best “microscopically]” probative of intent to distribute the additional substances, cocaine and crack cocaine. See id. at 485-86. We found this marginal probative value to be outweighed by the potential prejudice to Jenkins at trial on the issue of possession, and accordingly vacated his conviction and remanded the case for retrial. Id. at 487.
The 404(b) evidence in Thompson’s case is arguably even less probative than in Jenkins. The Government charged Thompson with possession with intent to distribute marijuana, heroin, and crack cocaine. The 404(b) evidence was admitted solely as relevant to the issue of intent to distribute. All of that evidence, however — the prior drug arrests, the photos and text messages, and the testimony of Saffore and Nix — dealt with intent to distribute marijuana, which was only one of three substances police found bundled on the ground at 2229 Horton Avenue. Here, the only common thread between the prior acts and the charged offense is marijuana; in Jenkins, the past marijuana-distribution offense at least had the additional commonality of allegedly occurring at the same house.
Nevertheless, Thompson was not prejudiced by the use of his past marijuana distribution to prove his intent to distribute all three drugs. The district court made clear to the jury that the prior acts could only be considered with respect to the issue of intent to distribute. As to that issue, the drug quantities in the bags, and their street values, provided overwhelming evidence that the drugs were intended for distribution, rather than for personal use. Thus, any error regarding the admission of the 404(b) evidence was harmless.